O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARTINEZ, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 8:16-CV-00643 (VEB) <br><br> DECISION AND ORDER |

## I. INTRODUCTION

In February of 2013, Plaintiff John Martinez applied for supplemental security income benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1] Plaintiff, represented by Lawrence D. Rohlfing, Esq.,

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12). On March 27, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Plaintiff applied for SSI benefits on February 22, 2013, alleging disability beginning March 1, 2007. (T at 191-99).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On August 14, 2014, a hearing was held before ALJ Sharilyn Hopson. (T at 39). Plaintiff appeared with his attorney and testified. (T at 42-45, 52-61). The ALJ also received testimony from Dr. Reuben Beezy (T at 46-51) and Elizabeth Ramos, a vocational expert (T at 62-69).

On October 24, 2014, the ALJ issued a written decision denying the application for benefits. (T at 18-38). The ALJ's decision became the Commissioner's final decision on February 9, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

---

[2] Citations to ("T") refer to the administrative record at Docket No. 17.

On April 7, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on September 6, 2016. (Docket No. 16). Plaintiff filed a supporting memorandum of law on November 10, 2016 (Docket No. 20); Defendant filed an opposing memorandum of law on December 7, 2016. (Docket No. 21).

After reviewing the pleadings, memoranda of law, and administrative record, this Court finds that the Commissioner's decision should be reversed and this case remanded for further proceedings.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.  Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C. Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 22, 2013, the application date. (T at 23). The ALJ found that Plaintiff's diabetes mellitus, diabetic peripheral neuropathy, hepatitis C, asthma, mood disorder, and psychotic disorder were "severe" impairments under the Act. (Tr. 24).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 24).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds;

stand/walk for 4 hours in an 8-hour workday (with the use of a cane as needed); sit for 6 hours in an 8-hour workday (with the option to stand and stretch every hour for 1-3 minutes); occasionally climb stairs, bend, stoop, kneel, crouch, and crawl; never climb ladders, ropes, scaffolds; avoid exposure to unprotected heights and moving/dangerous machinery; avoid concentration exposure to pulmonary irritants; perform work involving simple, routine tasks with no more than occasional contact with the public, co-workers, and supervisors, and no teamwork requirements. (T at 26).

The ALJ found that Plaintiff could not perform his past relevant work as a construction worker, delivery driver, or loader/unloader. (T at 31). Considering Plaintiff's age (41 on the application date), education (limited), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 32).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from February 22, 2013 (the application date) through October 24, 2014 (the date of the ALJ's decision). (T at 33). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

D. **Disputed Issue**

Plaintiff offers a single argument in support of his claim that the Commissioner's decision should be reversed. He contends that the ALJ did not properly weigh the medical opinion evidence.

## IV. ANALYSIS

A. **Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate

reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

This Court will review the pertinent medical opinions and then address the ALJ's consideration of that evidence.

**1.    Dr. Krieg**

Dr. Charlene K. Krieg performed a consultative psychological evaluation in June of 2013. Dr. Krieg diagnosed substance abuse, in remission, as well as personality disorder NOS. (T at 526). She reported that Plaintiff "did not evidence any disorder on mental status" and opined that he had no mental impairment(s) that would limit his ability to engage in work activities and/or complete a normal workday or workweek. (T at 526).

## 2. State Agency Review Consultants

In July of 2013, Dr. Heather Barrons, a non-examining State Agency review consultant, opined that Plaintiff was limited to simple work with occasional interpersonal contact. (T at 102). She characterized Plaintiff as having mild restriction of activities of daily living, mild difficulties maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. (T at 104, 108). In October of 2013, Dr. Paul Balson reaffirmed Dr. Barrons's assessment. (T at 120-21).

## 3. Dr. Lissaur

In August 2011, Dr. Ralph Lissaur, Plaintiff's treating psychologist, opined that Plaintiff cannot live independently, could not tolerate the stresses of employment, avoided or responded inappropriately to interpersonal relationships, and had trouble completing simple tasks or following directions without undue interruptions and distractions and/or complying with a schedule and routine requirements on a sustained basis. (T at 585). Dr. Lissaur consistently reiterated these findings in treatment notes between January of 2011 and August of 2014. (T at 569-585, 794, 796, 798). In August of 2014, Dr. Lissaur assigned a Global

11

DECISION AND ORDER – MARTINEZ v BERRYHILL 8:16-CV-00643-VEB

Assessment of Functioning ("GAF") score[3] of 48 (T at 794), which is indicative of serious impairment in social, occupational or school functioning. *Haly v. Astrue,* No. EDCV 08-0672, 2009 U.S. Dist. LEXIS 76881, at *12-13 (Cal. CD Aug. 27, 2009).

### 4. Ms. Rosen

Sandra Rosen, a treating social worker, completed a report in March of 2011, wherein she noted a diagnosis of bipolar disorder and assigned a GAF score of 45 (T at 657). Ms. Rosen described Plaintiff as isolating himself from others, unable to work, and experiencing visual hallucinations. (T at 657).

### 5. ALJ's Consideration of Medical Opinion Evidence

The ALJ assigned "little weight" to the opinion of Dr. Lissaur, the treating psychiatrist, finding his opinion "conclusory" and "not consistent with the record in its entirety." (T at 30-31). The ALJ also noted that Dr. Lissaur "did not have the benefit" of reviewing other medical reports in the record. (T at 30-31).

The ALJ afforded some weight to the opinion of Dr. Kreig, the consultative examiner, finding her assessment not "inconsistent" with the evidence, but nevertheless concluding that Plaintiff's mental health impairments were more restricting than Dr. Kreig's assessment indicated. (T at 31). The ALJ likewise

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

afforded less weight to the opinions of the State Agency review consultants, finding Plaintiff somewhat more limited with regard to his mental health impairments. (T at 31).

For the following reasons, this Court finds the ALJ's consideration of the medical opinion evidence inadequate and not supported by substantial evidence. In sum, the ALJ characterized Dr. Lissaur's opinion as "conclusory" and faulted the treating psychiatrist for "providing very little explanation of the evidence relied on in forming that opinion." (T at 30). The ALJ also noted that Dr. Lissaur "did not have the benefit" of reviewing the other medical reports in the record. (T at 31). The ALJ's assessment is flawed in four respects.

First, Dr. Lissaur is not required to state the obvious, namely, that his opinion is based, in significant measure on his clinical expertise and experience treating Plaintiff on numerous occasions over a period covering three and a half years. (T at 569-585, 794, 796, 798). *See Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. Cal. 1994)("[W]e also hold that the ALJ committed a *legal* error when he failed to grant deference to the conclusions [of claimant's treating physician]…[The courts have] 'accorded deference to treating physicians precisely because they are the doctors with 'greater opportunity to observe and know the patient.'")(emphasis in original)(quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1993)). Moreover,

assessments of mental health impairments are not generally amendable to precise measurement or reference to "objective" test results. As such, the ALJ erred by faulting Dr. Lissaur for allegedly failing to provide an adequate explanation of his findings.

Second, it is simply not accurate to characterize Dr. Lissaur's assessment as "conclusory." The treatment notes consistently report clinical findings and indicate that Plaintiff had depressed mood, poor concentration and attention, impaired insight and judgment, and occasionally experienced auditory and visual hallucinations. (T at 569-89, 794, 796, 798). This is not a case where a treating provider completed a "checkbox" assessment of limitations. Rather, the record contains detailed treatment notes from Dr. Lissaur, over an extended period of time, documenting significant impairments and assessing significant limitations. The ALJ's characterization of this record as "conclusory" is not supported by substantial evidence.

Third, the ALJ apparently believed Dr. Lissaur would have altered his assessment if he had "the benefit of reviewing the other medical reports contained in the current record …." (T at 31). Presumably, the ALJ is referring to the opinions provided by Dr. Krieg (the consultative examiner) and Drs. Barron and Balson (the non-examining State Agency review consultants). However, if that was the case, then the proper course would have been for the ALJ to re-contact Dr. Lissaur,

14

DECISION AND ORDER – MARTINEZ v BERRYHILL 8:16-CV-00643-VEB

provide him with those reports, and inquire as to whether they altered the treating provider's opinion. There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ."). This duty includes an obligation to re-contact a treating physician under appropriate circumstances.

In the present case, there was a significant discrepancy between the findings of the treating provider, on the one hand, and the consultative examiner and State Agency consultants, on the other. The treating provider assessed severe limitations; the non-treating professionals found moderate to no impairment.

The ALJ noted this inconsistency, recognized that the treating provider had not had the "benefit" of reviewing the other reports, and then resolved the conflict by adopting findings more consistent with the non-treating providers. (T at 30-31). This was not proper; the ALJ should have re-contacted Dr. Lissaur before resolving the inconsistency in favor of the non-treating opinions. *See* SSR 96-5p; *see also*

*Estrada v. Astrue*, No EDCV 07-01226, 2009 U.S. Dist. LEXIS 15824, at *11 (C.D. Cal. Feb. 25, 2009).

Fourth, the ALJ placed great emphasis on Plaintiff's difficulties complying with treatment recommendations and his ability to engage in a "somewhat normal level of daily activity and interaction." (T at 30). While not explicitly stated, it appears the ALJ believed Dr. Lissaur's assessment was based on Plaintiff's subjective complaints, which the ALJ found not credible because of non-compliance with treatment recommendations and because of Plaintiff's ability to engage in "somewhat normal" activities of daily living. Although these are, in general, proper considerations when assessing a treating provider's opinion, *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995), the ALJ's analysis here was insufficient.

For example, the ALJ did not give adequate consideration to the impact that Plaintiff's impairments, including his recognized difficulties with social interaction, may have had on his difficulties consistently complying with treatment recommendations. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996) (noting that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation")(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989)).

Moreover, the ALJ's reliance on Plaintiff's "somewhat normal" activities of daily living does not adequately account for the evidence indicating that Plaintiff relied heavily on very supportive family members and could not perform his activities of daily living without assistance. A clear implication of Dr. Lissaur's assessments is that, notwithstanding Plaintiff's ability to maintain a relatively stable, albeit modest, level of activity, that ability would degrade if he was required to consistently follow directions, keep appointments, or maintain a schedule.

Individuals with chronic mental health problems "commonly have their lives structured to minimize stress and reduce their signs and symptoms." *Courneya v. Colvin*, No. CV-12-5044, 2013 U.S. Dist. LEXIS 161332, at *13-14 (E.D.W.A. Nov. 12, 2013)(quoting 20 C.F.R. Pt. 404, Subp't P, App. 1 § 12.00(D)). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of

performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

For the reasons outlined above, this Court finds that the ALJ's consideration of Dr. Lissaur's opinion was inadequate and a remand is therefore required.

**B.  Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. Although the ALJ's consideration of Dr. Lissaur's opinion was flawed for the reasons outlined above, there is evidence in the record calling into question whether Plaintiff is disabled within the meaning of the Social Security Act. The consultative examiner and State Agency review consultants assessed little to no limitations arising from Plaintiff's mental health impairments. The divergence of opinion

between well-qualified professionals creates some doubt as to the extent of Plaintiff's limitations. Although the treating provider's opinion is entitled to deference, and while the ALJ here did not satisfy his duty to resolve the conflicting evidence in a manner supported by substantial evidence, the doubt as to disability means a remand for further proceedings is the appropriate remedy. There is also some evidence in the record suggesting that Plaintiff's symptoms were managed with medication when he was compliant with treatment recommendations. Accordingly, this Court finds that a remand for further proceedings is the correct result. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this matter for further proceedings consistent with this Decision and Order; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 11th day of September, 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE